**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| LAURI VALJAKKA, <br><br> Plaintiff <br><br> v. <br><br> NETFLIX, INC., <br><br> Defendant. | CASE NO. 6:21-cv-00947-ADA |

**NETFLIX, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

## Table of Contents

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 1

    A. Valjakka's Venue Allegations ................................................................................ 1

III. ARGUMENT ........................................................................................................................ 2

    A. Venue is Improper Under 28 U.S.C. §1400(b) ...................................................... 2

    B. In the Alternative, the Convenience of the Parties and Witnesses and the Interests of Justice Compel Transfer to the Northern District of California Under 28 U.S.C. §1404(a) .................................................................................... 4

        1. Valjakka Could Have Filed in the Northern District of California ............ 4

        2. The Private-Interest Factors Heavily Favor Transfer to California ........... 4

            a. Costs and burdens for willing witnesses are significantly less in California than this district .................................................. 4

            b. No compulsory process exists over relevant third-party witnesses in this district ................................................................ 7

            c. The sources of proof are in or near California ............................... 8

            d. No practical concerns outweigh the convenience of transfer to California ................................................................................... 9

        3. The Public-Interest Factors Favor Transfer to California ....................... 10

            a. California has a strong local interest in this case ........................ 10

            b. The remaining public-interest factors are neutral ........................ 10

IV. CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES**

*10Tales, Inc. v. TikTok Inc.*,
  No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ...........................12

*Celgene Corp. v. Mylan Pharms. Inc.*,
  17 F.4th 1111 (Fed. Cir. 2021) ...........................................................................................3

*CUPP Cybersecurity LLC v. Symantec Corp.*,
  No. 3:18-cv-01554-M, 2019 WL 1070869 (N.D. Tex. Jan. 16, 2019) ......................................3

*FCX Solar, LLC v. FTC Solar, Inc.*,
  No. 6:21-CV-548-ADA, 2021 WL 4953912 (W.D. Tex. Oct. 25, 2021) ................................12

*Gunn v. Minton*,
  568 U.S. 251 (2013) ..............................................................................................................4

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
  No. W-20-CV-01092-ADA, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021) .................. passim

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011) ..................................................10

*In re Adobe Inc.*,
  823 F. App'x 929 (Fed. Cir. 2020), cert. denied, 2021 WL 1240949 (Apr. 5,
  2021) ......................................................................................................................................8

*In re Apple, Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) ....................................................................................6, 7

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) .................................................................................5, 8, 10

*In re: Apple Inc.*,
  No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ..............................................5, 6

*In re Atlassian Corp.*,
  No. 2021-177, 2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) ...............................................11

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) .........................................................................................2, 3

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ..................................................................................4, 5, 8, 11

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020) ...........................................................................................3

*In re HP*,
   826 F. App'x 899 (Fed. Cir. 2020) ....................................................................................10

*In re HP Inc.*,
   No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...............................................4, 5

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) ............................................................................................11

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) ............................................................................................4

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) ............................................................................................4

*In re Volkswagen AG*,
   371 F.3d at 203 ....................................................................................................................11

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (*en banc*) ................................................................................4

*In re WMS Gaming Inc.*,
   564 F. App'x 579 (Fed. Cir. 2014) ......................................................................................11

*In re Zimmer Holdings, Inc.*,
   609 F. 3d 1378 (Fed. Cir. 2010) ............................................................................................9

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ..............................................................................................................4

*King v. Drusina*,
   No. 5:17-CV-349-DAE, 2017 WL 11318924 (W.D. Tex. July 10, 2017) ..............................5

*Parus Holdings Inc. v. LG Elecs. Inc.*,
   No. 6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) .......................4, 5

*Proven Networks, LLC., v. Netapp, Inc.*,
   No. W-20-CV-00369-ADA, 2021 WL 4875404 (W.D. Tex. Oct. 19, 2021) .......................12

*Super Interconnect Techs. v. Google LLC*,
   No. 6:21-CV-00259-ADA (W.D. Tex. Nov. 8, 2021), ECF No. 49 ........................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ..........................................................................................................2

*Triller, Inc. v. ByteDance, Ltd.*,
   No. 6-20-CV-00693-ADA, 2021 WL 3913589 (W.D. Tex. July 9, 2021) ...........................12

*Word to Info, Inc. v. Facebook, Inc.*,
 No. 3:14-cv-04387-K, 2015 WL 13870507 (N.D. Tex. Jul. 23, 2015) ...................................10

**STATUTES**

28 U.S.C. § 1400 ..............................................................................................................1, 2, 4

28 U.S.C. § 1404 .......................................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ......................................................................................................................1

Fed. R. Civ. P. 45 ......................................................................................................................7

I.     **INTRODUCTION**

The only connection this case has to Texas is that Lauri Valjakka ("Valjakka" or "Plaintiff"), who resides in Finland, filed suit for patent infringement in this district. Defendant Netflix, Inc. ("Netflix" or "Defendant") is headquartered in Los Gatos, California and has no business presence in Western Texas, let alone a regular and established place of business: It has no offices or other facilities, has not advertised for jobs, and the handful of remote employees working from their homes in Western Texas are not relevant to the allegations. Valjakka cannot legally maintain this case against Netflix here under 28 U.S.C. § 1400(b), and it should be dismissed pursuant to Rule 12(b)(3).

Even if venue were proper, which it is not, there can be no dispute that it would be significantly more convenient for the parties to litigate in Northern California, where all relevant Netflix witnesses, documents, and evidence are located, as well as numerous third-party witnesses. To date, no witnesses with any relevant information have been identified in Texas. Requiring all relevant witnesses to travel over 1,500 miles to this district would disrupt their lives and work.

II.    **STATEMENT OF FACTS**

   A.     **Valjakka's Venue Allegations**

Plaintiff and named inventor Lauri Valjakka resides in Finland, and the Complaint makes no allegations of any ties to Texas. Compl. ¶ 1. Netflix is a Delaware corporation with its principal place of business in Los Gatos, California. Compl. ¶ 2. Netflix has no offices or physical locations in Texas, and it has never leased property at 2008 Alexander Ave., Austin, TX 78722, despite Valjakka's assertion. *See* Compl. ¶¶ 2, 8, 11; Charlotte Bowers Decl. ("Bowers Decl.") at ¶ 15. While some employees work remotely from their homes in the Austin area, those homes are not regular and established places of business of Netflix. And in any event, none of those remote employees are relevant to the allegations in Valjakka's Complaint. Bowers Decl. at ¶ 19. Contrary

1

to Valjakka's allegations, Netflix does not currently advertise jobs that are based in Texas and did not do so at the time that the Complaint was filed.  Bowers Decl. at ¶ 9.

Netflix engineers and product managers based in Netflix's Los Gatos headquarters designed, developed, and manage Netflix's Open Connect program, which Valjakka has accused. Bowers Decl. at ¶ 7.  All relevant marketing and finance employees are also based in Los Gatos. Bowers Decl. at ¶ 5.  All of Netflix's relevant physical documents and electronic documents are maintained in the Northern District of California.  Bowers Decl. at ¶¶ 7-8.  And two prior art inventors are based in Northern California; none have been identified in Texas.  Janice L. Ta Decl. ("Ta Decl.") at ¶ 3.

### III.   ARGUMENT

#### A.   Venue is Improper Under 28 U.S.C. §1400(b)

Under 28 U.S.C. § 1400(b), venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017).  Here, it is undisputed that venue is improper under the first prong of 28 U.S.C. § 1400(b).  Netflix "is a Delaware corporation with a principal address of 100 Winchester Cir., Los Gatos, CA 95032."  Compl. ¶ 2.  And upon investigation of the allegations in Valjakka's Complaint, venue is also improper under the second prong of Section 1400(b).

To establish that a corporation has a regular and established place of business in a district, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). A "physical place" in the district means "a fixed physical location" "from which the business of the defendant is carried out."  *Id*. at 1362.  A "regular and established place of

business" means a "stable," "permanent," and "not transient" place in which there is a "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business." *In re Google LLC*, 949 F.3d 1338, 1344-45 (Fed. Cir. 2020).  Valjakka relies on two allegations to root venue in this district: (1) an address in Austin, and (2) that Netflix is hiring in Texas.  Neither is true.

First, Valjakka apparently contends that "2008 Alexander Ave. Austin, TX 78722," (Compl. ¶ 2), which it describes as "a lease for 20,000 square feet in East Austin," is a regular and established place of business of Netflix.  Compl. ¶ 11.  It is not.  Netflix has no connection at all to this address: It has never leased or used this property.  Bowers Decl. at ¶ 15.

Valjakka also pleads that "Defendant has hired and is hiring within this district for positions that, on information and belief, relate to infringement of the patent-in-suit" and has "advertised to residents within the district to hire employees to be located in this District."  Compl. ¶¶ 8, 9.  This is also untrue: Netflix has advertised for "remote" positions available to potential employees at *any* location.  Since at least the time of Valjakka's Complaint, Netflix has not advertised for positions based in Texas or marketed employment opportunities specifically to residents of this district.  Bowers Decl. at ¶ 9; *see also CUPP Cybersecurity LLC v. Symantec Corp.*, No. 3:18-cv-01554-M, 2019 WL 1070869, at *4 (N.D. Tex. Jan. 16, 2019) (reasoning that positions advertised as "'USA-Texas, Remote' or as other cities outside of this District" insufficient to establish a regular and established place of business).  And although Netflix currently has some employees who live and work from home in the Western District, these remote employees are insufficient as a matter of law to establish a regular and established place of business in the district.  *See In re Cray*, 871 F.3d at 1360; *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1122-23 (Fed. Cir. 2021); *see also CUPP Cybersecurity LLC,* 2019 WL 1070869, at *4 (remote employees working from their

homes do not establish that Defendant maintains a regular and established place of business.).

> **B.** **In the Alternative, the Convenience of the Parties and Witnesses and the Interests of Justice Compel Transfer to the Northern District of California Under 28 U.S.C. §1404(a)**

There is a "stark contrast in relevance, convenience, and fairness" between the Northern District of California and this district. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). Several factors heavily favor transfer to the Northern District of California; a few are at worst neutral, and none weigh against it. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) (listing private and public factors). Transfer is thus required. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) ("With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is 'clearly more convenient.'"); *accord In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *2 (Fed. Cir. Sept. 25, 2018) (mandating transfer when "nothing favors the transferor forum, whereas several factors favor the transferee forum").

> **1.** **Valjakka Could Have Filed in the Northern District of California**

Valjakka could have filed this case in the Northern District of California. Netflix is subject to personal jurisdiction in the Northern District of California where it maintains its principal place of business, and the Court has subject matter jurisdiction over federal patent infringement claims. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011); *Gunn v. Minton*, 568 U.S. 251, 263 (2013); 28 U.S.C. § 1400(b).

> **2.** **The Private-Interest Factors Heavily Favor Transfer to California**
>
> > **a.** **Costs and burdens for willing witnesses are significantly less in California than this district**

"The convenience of the witnesses is the single most important factor in the transfer analysis*.*" *Parus Holdings Inc. v. LG Elecs. Inc.,* No. 6:19-CV-00432-ADA, 2020 WL 4905809, at

*5 (W.D. Tex. Aug. 20, 2020) (*quoting In re Genentech, Inc.,* 566 F.3d 1338, 1342 (Fed. Cir. 2009)).  In assessing this factor, the Fifth Circuit considers the "100-mile rule," which provides that witness inconvenience increases in direct relationship to the additional distance to be traveled. *In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020); *see also Parus Holdings Inc.*, 2020 WL 4905809, at *5; *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. W-20-CV-01092-ADA, 2021 WL 4953884, at *5 (W.D. Tex. Oct. 25, 2021).  The presence of witnesses outside the transferor and transferee forums does not alter the analysis.  *In re HP Inc.*, 2018 WL 4692486, at *3; *In re Genentech, Inc.,* 566 F.3d 1338, 1345-46 (Fed. Cir. 2009).  Given the early stage of a case at which a motion to transfer is filed, "[a]ll potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial."  *King v. Drusina,* No. 5:17-CV-349-DAE, 2017 WL 11318924, at *4 (W.D. Tex. July 10, 2017); *id* at *1.

Here, the location of witnesses overwhelmingly favors transfer.  Not a single witness for either party is based in Texas.  Plaintiff Valjakka, who is the sole listed inventor, is located in Finland, and none of the prosecuting attorneys are based in Texas.  There are only two remote Netflix employees on the Content Delivery team who are currently working from home in the Western District, but their roles are not even relevant—much less material—to the allegations in Valjakka's Complaint.  Because their testimony is not material, and all relevant witnesses are in Northern California, this weighs in favor of transfer.  *See In re: Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021) (reasoning that comparable weight should not be given to employees in the transferor district "that might testify at trial for the same aspects of the accused products at a trial.").

The relevant witnesses are in Northern California. Indeed, despite the early stages of this litigation, Netflix has identified seven employees with potentially relevant information, all of whom are based in Northern California:

- Alex Gutarin
- Renee Rodriguez
- Michael Costello
- Ellen Livengood
- Mohit Vora
- Lara Deek
- Ishaan Shastri

Bowers Decl. at ¶¶ 10-11.

These individuals, who are on Netflix's product, engineering, and finance teams, may serve as witnesses on the design, development, implementation, and sales of the accused technology. Every single one of these employees is based in the Northern District of California. Bowers Decl. at ¶ 11. The Federal Circuit has recently held that the witness convenience factors weigh strongly in favor of a transfer when "[defendant] identified several potential party and non-party witnesses residing in the Northern District of California, and no potential witnesses appear to reside in the Western District of Texas…." *In re: Apple Inc.*, 2021 WL 5291804, at *3. Because Los Gatos is roughly 1,756 miles from Waco, Texas, travel for these employees will likely involve flights, at least one night at a hotel, multiple days of missed work, and significant expense. Bowers Decl. at ¶ 20. Moreover, "[t]he Federal Circuit has indicated that time is a more important metric than distance." *HD Silicon Sols. LLC,* 2021 WL 4953884, at *5. The inconvenience of this forum favors transfer. Finally, as described in Section III.B.2.b, *infra*, Netflix has also identified two potential third-party witnesses who reside in the Northern District of California. The location of these individuals "weigh[s] heavily in favor of transfer." *Id.*, at *3 (citing *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014)).

The large number of important witnesses in the Northern District of California, and the significant burden of requiring those witnesses to travel to this district, warrants transfer. "As previously stated, the Federal Circuit now takes the position that this Court should not accord the convenience of party witnesses less weight. Because the majority of party witnesses and potentially willing third-party witnesses reside in the NDCA, with no relevant witnesses in the WDTX, the Court finds that this factor weighs strongly in favor of transfer." *HD Silicon Sols. LLC*, 2021 WL 4953884, at *5 (internal citation omitted).

### b. No compulsory process exists over relevant third-party witnesses in this district

Under the Federal Rule of Civil Procedure 45, a district court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person;" or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person ... is commanded to attend a trial and would not incur substantial expense." *Id.* at *3 (citing Fed. R. Civ. P. 45(c)(1)(A)). The availability of compulsory process "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *Id.* at *3 (*quoting In re Apple, Inc.*, 581 F. App'x at 889). Here, Netflix has identified two potential third-party witnesses who reside in the Northern District of California, outside the subpoena power of this Court.

Netflix has identified the following prior art inventors who are believed to reside in the Northern District of California:

- Deng Cheng
- Michael Albanese

Ta Decl. at ¶ 3. These prior art witnesses are outside the subpoena power of this Court, and Netflix intends to call them as witnesses if this case proceeds to trial. Ta Decl. at ¶ 4.

7

The presence of at least two potential third-party witnesses in the Northern District of California heavily favors transfer, especially when there does not appear to be a single witness—in Northern California or elsewhere—who is within the subpoena power of this Court. *See HD Silicon Sols. LLC*, 2021 WL 4953884, at *4 ("While the Court has absolute subpoena power over the Texas employees, such employees seem to have a rather remote relationship to the facts of this case."); *id*. ("In contrast, the NDCA hosts several individuals that have indicated an unwillingness to help or failed to respond to requests for information entirely. Thus, the Court finds that this factor favors transfer."); *In re Adobe Inc.*, 823 F. App'x 929, 931 (Fed. Cir. 2020), cert. denied, 2021 WL 1240949 (Apr. 5, 2021) ("Clearly, when fairly weighed, here, the compulsory process and sources of proof factors together tip significantly in favor of transferring the case.") (internal quotations and alterations omitted).

### c.     The sources of proof are in or near California

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *HD Silicon Sols. LLC*, 2021 WL 4953884, at *2 (citing *In re Genentech, Inc.*, 566 F.3d at 1345) (quotations omitted); *see* Amended Order Granting Defendant's Motion to Transfer at 12-13, *Super Interconnect Techs. v. Google LLC*, No. 6:21-CV-00259-ADA (W.D. Tex. Nov. 8, 2021), ECF No. 49.[1] This factor is not rendered neutral "merely because some sources of proof can be identified in the [transferor] district." *In re Apple*, 979 F.3d at 1340. Netflix maintains all of the documentary evidence and source code that might be relevant to the

---

[1] While Netflix acknowledges that electronic evidence may be easily transported, as explained herein, the employees who would facilitate access to such documents are in the Northern District of California.

accused products in the Northern District of California. Bowers Decl. at ¶¶ 7-8. Because its product and engineering teams are based in Los Gatos, that is where Netflix maintains its research, design, and development documents, including source code. Bowers Decl. at ¶ 7. Additionally, to the extent it becomes relevant, Netflix also maintains its financial information in the Los Gatos office. Bowers Decl. at ¶ 8. Conversely, Netflix does not maintain any documentation in this district. Bowers Decl. at ¶ 7. The location of Netflix's evidence, which will serve as the bulk of the evidence at trial, therefore favors transfer. *See HD Silicon Sols. LLC*, 2021 WL 4953884, at *3 (concluding this factor favored transfer where "a portion of the documents regarding one of four Accused Products are held in NDCA.").

The relative ease of access of proof from Netflix and third parties in the Northern District of California significantly favors transfer.

### d. No practical concerns outweigh the convenience of transfer to California

The court will also consider judicial efficiency. Valjakka has filed four other cases in the Western District of Texas, but this is not enough to affect the transfer analysis when all other factors are in favor. *See In re Zimmer Holdings, Inc.*, 609 F. 3d 1378, 1382 (Fed. Cir. 2010), (the existence of another suit in the forum does not "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor."). The other defendants have not yet answered, and it is still possible for them to move to transfer given the sparse allegations related to Western Texas in those complaints. Given the early stage of the cases against all defendants and the possibility of transfer, this factor should, at worst, be considered neutral and should certainly not outweigh the overwhelming support for transfer.

### 3. The Public-Interest Factors Favor Transfer to California

#### a. California has a strong local interest in this case

"A local interest is demonstrated by a relevant factual connection between the events and the venue." *HD Silicon Sols. LLC*, 2021 WL 4953884, at *6 (quoting *Word to Info, Inc. v. Facebook, Inc.,* No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015) (internal quotations omitted)). While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, connections between the transferee venue and the events giving rise to a suit favors transfer. *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011). In a patent infringement suit, connections between the transferee venue and the events giving rise to the suit include locations of the following: the company asserting harm; the company alleged to have caused the harm; the inventors and patent prosecution counsel, *id.* at 1254-56; and the development of the accused products, *In re HP*, 826 F. App'x 899, 901 (Fed. Cir. 2020).

Each of these considerations demonstrate that the Northern District of California has superior ties to the lawsuit. Valjakka is a resident of Finland and has no ties to Texas. Netflix is headquartered in the Northern District of California. *See* Compl. ¶¶ 1-2; Bowers Decl. at ¶ 4. The accused products are designed, developed, and managed in the Northern District of California. Bowers Decl. ¶ 7. The Northern District of California therefore has a much greater interest in this case. As such, the localized interest factor favors transfer. *See HD Silicon Sols. LLC*, 2021 WL 4953884, at *6 ("[t]he most relevant considerations are therefore where the design, development, and sale of the accused products occurred."); *In re Apple Inc.*, 979 F.3d at 1345 (finding "[t]he district court also misapplied the law to the facts by failing to give weight to the significant connections between [NDCA] and the events that gave rise to a suit") (quotations omitted).

#### b. The remaining public-interest factors are neutral

Three public factors remain: (1) the administrative difficulties flowing from court congestion; (2) the familiarity of the forum with the law that will govern the case; and (3) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *See In re Volkswagen AG*, 371 F.3d at 203. These factors are neutral.

First, the difference in median time to trial between the Western District of Texas and the Northern District of California is negligible—23.8 months for the former, and 26.9 months for the latter. *See* Ta Decl. ¶ 5. And the time to trial for patent cases in the Northern District of California may be shorter than its average for civil cases. *See In re Apple Inc.*, 979 F.3d at 1343–44 ("NDCA has historically had a shorter time to trial for patent cases.").[2] In any event, the minor difference between trial times in the two districts should not affect the transfer analysis, especially where, as here, it is unlikely that Valjakka practices the asserted patents. *See In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014) (finding no reason to "assign significant weight in the transfer analysis" to this factor where plaintiff does not practice the patent and "is not in need of a quick resolution of this case"). The Federal Circuit has held that "when other relevant factors weigh in favor of transfer or are neutral, 'then the speed of the transferee district court should not alone outweigh all those other factors.'" *In re Atlassian Corp.*, No. 2021-177, 2021 WL 5292268, at *4 (Fed. Cir. Nov. 15, 2021) (quoting *Genentech, Inc.*, 566 F.3d at 1347); *see also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021). Of course, because neither discovery nor a *Markman* hearing has occurred, this factor should be neutral: "transfer at this stage of litigation would not likely create any meaningful delays." *Id.*

Second, the Northern District of California and this district are "both familiar with federal

---

[2] After a pause due to the COVID-19 public health emergency, the Northern District of California resumed live jury trials in civil cases in March 2021.

patent law, and equally capable of presiding over a patent law case." *FCX Solar, LLC v. FTC Solar, Inc.*, No. 6:21-CV-548-ADA, 2021 WL 4953912, at *9 (W.D. Tex. Oct. 25, 2021). This court has found this factor to be neutral in a number of cases in which transfer to NDCA was granted. *See Proven Networks, LLC., v. Netapp, Inc.*, No. W-20-CV-00369-ADA, 2021 WL 4875404, at *6 (W.D. Tex. Oct. 19, 2021); *Triller, Inc. v. ByteDance, Ltd.*, No. 6-20-CV-00693-ADA, 2021 WL 3913589, at *8 (W.D. Tex. July 9, 2021); *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *5 (W.D. Tex. May 21, 2021).

Third, there are no conflict of law issues implicated by transfer. Thus, this factor is also neutral. *Id.*

### IV. CONCLUSION

For the reasons stated above, Netflix respectfully requests that the Court dismiss all claims for improper venue. In the alternative, Netflix respectfully requests that the Court transfer this case to the Northern District of California.

Dated: December 13, 2021                             Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　   */s/ Sarah E. Piepmeier*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sarah E. Piepmeier (admitted)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　505 Howard Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94104
　　　　　　　　　　　　　　　　　　　　　　　　　　　　SPiepmeier@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (415) 344-7000
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 344-7050

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Janice Ta (24075138)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　500 W. 2nd St. 1900
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Austin, TX 78701
　　　　　　　　　　　　　　　　　　　　　　　　　　　　jta@perkinscoie.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (737)256-6125

　　　　　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　NETFLIX, INC.

## **CERTIFICATE OF CONFERENCE**

Counsel for Netflix met and conferred by email with counsel for Plaintiff Lauri Valjakka regarding this motion to dismiss, or in the alternative, transfer.  Counsel for Valjakka indicated that Valjakka would oppose this motion.

                                                      */s/ Sarah E. Piepmeier*
                                                      Sarah Piepmeier

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 13, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

                                                         */s/ Sarah E. Piepmeier*
                                                        Sarah E. Piepmeier